

**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

DEPRINVIL MANOACH,

    Petitioner,

v.

OSCAR AVILES, et al.,

    Respondents.

Civil No. 11-2619 (SRC)

**MEMORANDUM OPINION**

It appearing that:

1. On May 11, 2011, Petitioner filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging his post-removal-period detention at Hudson County Correctional Center by the Department of Homeland Security.  See  Zadvydas v. Davis, 533 U.S. 678 (2001). Petitioner contends that his detention is no longer statutorily authorized because his removal is not reasonably foreseeable.

2. On June 30, 2011, Respondents filed an Answer.

3. On July 14, 2011, Respondents filed a letter informing the Court that on July 12, 2011, the Department of Homeland Security effectuated Petitioner's removal to Haiti.  The letter was accompanied by a document verifying Petitioner's departure.  (Docket Entry No. 11-1.) Respondents ask this Court to dismiss the Petition as moot.

4. This Court has subject matter jurisdiction over the instant Petition because Petitioner was detained at a jail in New Jersey at the time he filed his Petition.  See Spencer v. Kemna, 523 U.S. 1, 7 (1998); Chong v. Dist. Dir., INS, 264 F.3d 378, 382-83 (3d Cir. 2001).

5.  Article III of the Constitution limits the judicial power of federal courts to "cases or controversies" between parties.  U.S. CONST. art. III, § 2.  "The exercise of judicial power under Art. III of the Constitution depends on the existence of a case or controversy," and "a federal court [lacks] the power to render advisory opinions."  U.S. Nat'l Bank of Oregon v. Independent Ins. Agents of America,  Inc., 508 U.S. 439, 445 (1993 ) (quoting Preiser v. Newkirk, 422 U.S. 395, 401 (1975).  "This case-or-controversy requirement subsists through all stages of federal judicial proceedings."  Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78 (1990).  "This means that, throughout the litigation, the plaintiff must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision."  Spencer, 523 U.S. at 7.

6.  In this case, Petitioner challenges his post-removal-period detention as not authorized by 8 U.S.C. § 1231(a)(6), as construed by Zadvydas, and in violation of due process because his removal is not reasonably foreseeable.  When the government removed him to Haiti on July 12, 2011, the Petition became moot because Petitioner was no longer threatened with "an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision."  Spencer, 523 U.S. at 7; Lane v. Williams, 455 U.S. 624 (1982).

7.  An appropriate Order accompanies this Memorandum Opinion.

_____

**STANLEY R. CHESLER, U.S.D.J.**

DATED: _____, 2011

2